AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>Jose Navarro Mendoza | )  **JUDGMENT IN A CRIMINAL CASE**<br>)<br>)  USDC Case Number:  CR-22-00304-001 CRB<br>)  BOP Case Number:  DCAN322CR00304-001<br>)  USM Number:  18313-510<br>)  Defendant's Attorney:  Suzan Isam Boulad (Retained)<br>                    Robert Joseph Beles (Retained) |

**THE DEFENDANT:**

☑ pleaded guilty to count: <u>One of the Indictment.</u>

☐ pleaded nolo contendere to count(s): _____ which was accepted by the court.

☐ was found guilty on count(s): _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) | Possession of Child Pornography | October 2019 | One |
| | | | |
| | | | |

The defendant is sentenced as provided in pages 2 through  10  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s): _____

☐ Count(s) _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/12/2024
Date of Imposition of Judgment

Signature of Judge
The Honorable Charles R. Breyer
Senior United States District Judge
Name & Title of Judge

Date.  April 16, 2024
Date

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT:  Jose Navarro Mendoza
CASE NUMBER:  CR-22-00304-001 CRB

Judgment - Page 2 of 10

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
120 months.

The appearance bond is hereby exonerated, or upon surrender of the defendant as noted below.  Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

☑  The Court makes the following recommendations to the Bureau of Prisons:
    (1)  The defendant has a hearing disability and must be placed in a facility with access to a hearing ASL interpreter.
    (2)  The defendant has a medical condition that requires dialysis three times per week. The US Marshal has received medical information including medications which should be considered.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ am/pm on _____ (no later than 2:00 pm).

    ☐  as notified by the United States Marshal.

☑  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑  Within five days of designation. In the event no designation has occurred by May 13, 2024, the defendant is directed to self-surrender at the U.S. Marshal's Office at 450 Golden Gate Avenue, 20th floor, San Francisco, CA 94102. The defendant shall self-surrender on May 13, 2024 by noon.

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at
_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Jose Navarro Mendoza | Judgment - Page 3 of 10 |
| CASE NUMBER:  CR-22-00304-001 CRB | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>5 years.</u>

## MANDATORY CONDITIONS OF SUPERVISION

1)  You must not commit another federal, state or local crime.

2)  You must not unlawfully possess a controlled substance.

3)  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4)  ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5)  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6)  ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7)  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT:  Jose Navarro Mendoza                                                                Judgment - Page 4 of 10
CASE NUMBER:  CR-22-00304-001 CRB

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1)      You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of RELEASE, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2)      After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3)      You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4)      You must follow the instructions of the probation officer related to the conditions of supervision.
5)      You must answer truthfully the questions asked by your probation officer.
6)      You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7)      You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8)      You must work at least part-time (defined as 20 hours per week) at a lawful type of employment unless excused from doing so by the probation officer for schooling, training, community service or other acceptable activities. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9)      You must not communicate or interact with someone you know is engaged in criminal activity. You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.
10)     If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11)     You must not act as a confidential informant without first notifying the probation officer.
12)     You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐        If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.


(Signed)  _____              _____
              Defendant                                                                  Date


              _____              _____
              U.S. Probation Officer/Designated Witness                    Date

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT:  Jose Navarro Mendoza                                                      Judgment - Page 5 of 10
CASE NUMBER:  CR-22-00304-001 CRB

## SPECIAL CONDITIONS OF SUPERVISION

1. You must pay any special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

2. You must not open any new lines of credit and/or incur new debt without the prior permission of the probation officer.

3. You must provide the probation officer with access to any financial information, including tax returns, and must authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

4. You must undergo an assessment for mental health treatment services. If services are deemed appropriate, any fees associated with this program are waived.

5. You must submit your person, residence, office, vehicle, or any property under your control, including any computers, cell phones, and other electronic devices, to a search. Such a search must be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation. You must warn any residents that the premises may be subject to searches.

6. You must enroll in the Computer Internet Monitoring Program (CIMP) and abide by the requirements of the CIMP Participation Agreement. You may not use or possess any computer that is not subject to the CIMP without prior permission of the probation officer. For purposes of these conditions of supervised release and your participation in CIMP, "computer" means any electronic device capable of accessing or storing images or video.

7. You must also abide by the requirements of the Computer & Internet Acceptable Use Contract, subject to the following limitations. For purposes of the Acceptable Use Contract, "computer" means any electronic device capable of accessing or storing images or video. With respect to the Acceptable Use Contract's prohibition on "online pornography" without prior approval of the probation officer, "pornography" means "any materials with depictions of sexually explicit conduct, as defined by 18 U.S.C. § 2256(2)." The Acceptable Use Contract shall not be used to prevent you from doing any of the following:

   a. Maintaining a profile on social networking sites, so long as any social networking activity occurs only on a monitored computer.
   b. Accessing an email account, so long as the email account is subject to monitoring or is for work with the prior approval of a probation officer.
   c. Establishing a personal or business website, including online "blogs," so long as the website or blog is accessed only on a monitored computer.
   d. Using videoconferencing services, so long as the videoconferencing occurs only on a monitored computer or at work with the prior approval of a probation officer.
   e. Accessing chat rooms or other online environments allowing for real-time interaction with others, website message boards, or newsgroups, so long as this activity occurs only on a monitored computer.
   f. Selling/purchasing or offering to sell/purchase items over the Internet, including on Internet auction sites, so long as this activity occurs only on a monitored computer.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT:  Jose Navarro Mendoza                                    Judgment - Page 6 of 10
CASE NUMBER:  CR-22-00304-001 CRB

The probation officer shall not impose any special restrictions not listed in the Acceptable Use Contract without court approval.

8.  As directed by the probation officer, you must warn your employer of any restrictions on your computer use.

9.  You must consent to the probation officer conducting periodic unannounced examinations of your computer equipment which may include retrieval and copying of all data from your computer(s) and any peripheral device to ensure compliance with this condition, and/or removal of any such equipment for the purpose of conducting more thorough inspection. You must also consent to the installation of any hardware or software as directed by the probation officer to monitor your Internet use.

10. You must not possess or use any data encryption technique or program.

11. You must not possess, in any form, materials depicting child pornography, child erotica, or nude or sexual depictions of any child; or any materials described at 18 U.S.C. § 2256(8).

12. You must not frequent or loiter within 100 feet of any location where children are likely to gather or have contact with any child under the age of 18 unless otherwise approved by the probation officer. Children are likely to gather in locations including, but not limited to, playgrounds, theme parks, public swimming pools, schools, arcades, children's museums or other specific locations as designated by the probation officer. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom you must deal in order to obtain ordinary and usual commercial services.

13. Your employment must be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. You must submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change.

14. Your residence must be approved by the probation officer, and any change in residence must be pre-approved by the Probation Officer. You must submit the address of any proposed residence to the Probation Officer at least 10 days prior to any scheduled change.

15. You must register with the state sex offender registration agency as required by state law. You must provide proof of registration to the Probation Officer within three days of release from imprisonment/placement on supervision. In any state that has adopted the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. sec. 20911 et seq.), you must also comply with all such requirements as directed by the Probation Officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, are a student, or were convicted of a qualifying offense.

16. You must participate in outpatient sex offender-specific treatment, as directed by the probation officer. You are to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. The actual co-payment schedule must be determined by the probation officer. The probation officer may release all previous mental health evaluations to the treatment provider.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Jose Navarro Mendoza | Judgment - Page 7 of 10 |
| CASE NUMBER:  CR-22-00304-001 CRB | |

17. As part of the treatment program, you must submit to polygraph testing as recommended by the treatment provider. However, you retain your Fifth Amendment right to refuse to answer questions asked during the course of treatment absent a grant of use and derivative-use immunity.

18. As part of the treatment program, you must submit to psychological testing as recommended by the treatment provider.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Jose Navarro Mendoza | Judgment - Page 8 of 10 |
| CASE NUMBER: CR-22-00304-001 CRB | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | Fine | Restitution | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | Waived | To Be Determined | Waived | Waived |

☑ The determination of restitution is deferred until <u>90 days</u>. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $  0.00 | $  0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the fine/restitution.

    ☐ the interest requirement is waived for the fine/restitution is modified as follows:

    _____

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT:  Jose Navarro Mendoza                                                      Judgment - Page 9 of 10
CASE NUMBER: CR-22-00304-001 CRB

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows*:

**A**  ☐  Lump sum payment of _____ due immediately, balance due

   ☐  not later than _____ , or
   ☐  in accordance with   ☐ C,   ☐ D, or  ☐ E, and/or   ☐ F below); or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:
   **It is further ordered that the defendant shall pay to the United States a special assessment of $100. Payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102. During imprisonment, payment of criminal monetary penalties are due at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s): _____

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
   a.  One Apple laptop (Serial number FVFFCG72Q6L7) seized at 2866 Tulare Ave. in Richmond, California on September 30, 2021;
   b.  One Apple iPhone (Serial number DNPW67AHJCL6) seized at 2866 Tulare Ave. in Richmond, California on September 30, 2021;
   c.  One silver colored USB drive recovered at 2866 Tulare Ave. in Richmond, California on September 30, 2021;
   d.  One SanDisk SF card recovered at 2866 Tulare Ave. in Richmond, California on September 30, 2021.

---

* Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT:  Jose Navarro Mendoza                                    Judgment - Page 10 of 10
CASE NUMBER:  CR-22-00304-001 CRB

☐   The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**